The call is People's State of Illinois v. Lee. Councilor, are you ready to proceed? Case number 5-14-0067. Good afternoon, Your Honors. This is People v. Tyler Lee. I intend to address the argument about whether the plea must be vacated because it was entered under the misapprehension that he could challenge the sentence imposed at the sentencing hearing later when that process is foreclosed. I won't address the argument raised by the State about the fines unless one of Your Honors has some questions about it. That pretty much answers the State's argument. To understand what is going on in this case, you have to understand that there have been two guilty pleas and this is the second appeal. So it's had a fairly lengthy history. He was originally allowed to plead guilty to two counts of home invasion in 2010, but importantly, at that hearing in which he pled guilty to two counts of home invasion, he was given his appellate rights and in that recitation of the appellate rights by the circuit court, the circuit court told him that he would be able to file a motion to reconsider the sentence or a motion to withdraw the guilty plea. Neither defense counsel or the State stood up and said, Your Honor, that's wrong. You can't do that. You have to give him these admonishments. He can only file a motion to withdraw a guilty plea. So he goes for about another year and a half and he then enters a guilty plea in which he pleads guilty to one home invasion and one aggravated battery of a senior citizen. The agreement is that there will be a cap of 20 years. For the home invasion, there will be a cap of five years. So that's six to 20 and three to seven. And again, at this hearing, the circuit court judge informs the defendant that he would be able to file a motion to withdraw the guilty plea or a motion to reconsider his sentence if he disagrees with the sentence. And again, neither defense counsel or the State said, Your Honor, that's wrong. Then he files a motion to reconsider his sentence and he files a motion to withdraw the guilty plea. It comes up on appeal, and those are denied, and it comes up on appeal and Your Honor has vacated that order under the 604D cases and remanded it for another hearing. At that hearing, he argues that the plea was not annoying and intelligent because he was under the misapprehension of law that he would be able to challenge the sentence imposed upon him at that sentencing hearing. It's not unusual for somebody to believe that if a judge has discretion to impose a sentence, then he might have used that discretion. It's not unusual to believe that if a judge makes a mistake at that sentencing hearing, he can file a motion to reconsider his sentence and then appeal it. But the circuit court denied that and said he did not believe that anybody would really file or anybody would ever enter a guilty plea under the idea that they could challenge the sentence later. We have a case called People v. Edmondson cited in the brief, which explains exactly why that can be a reason to have the guilty plea vacated. At the motion to withdraw guilty plea hearing, the defendant was asked, you said by defense counsel, you said your counsel told you that if you did it this way, doing the catch, you would be able to plead guilty and have your sentencing hearing, and that if that went bad, you could always ask for a reduction or try to get less time. And Mr. Lee replied yes. Significantly, the State did not bring in defense counsel to contradict that. The State did not bring in defense counsel to say, no, I told him perfectly that he would not be able to do that. I'm not sure why the State did that because they knew that he was not going to come and do that because at the first guilty plea hearing, he accepted that. He didn't stand up and say, your Honor, you're making a mistake of law. He can't file a motion to reconsider a sentence. He has to file a motion to withdraw a guilty plea. He didn't stand up at the second guilty plea hearing and say, your Honor, he has to file a motion to withdraw a guilty plea. You need to advise him directly. Neither did the State. Everybody just did the wrong thing. It's Mr. Lee's reasonable but mistaken misapprehension of the law which makes this guilty plea not entered knowingly, voluntarily, and intelligently. Under the only Supreme Court decision in People v. Linder and a recent decision from this Court, People v. Richard, which I believe Justice Welch authored, he is not allowed to file a motion to reconsider a sentence. His only recourse is to file a motion to withdraw a guilty plea. The mistaken notion consequently causes this guilty plea to be not knowing, not intelligent, and not voluntary. The State makes some kind of argument that he said he understood everything that was going on at this when he was asked. He was asked by the Court, do you understand what's going on in this guilty plea hearing? And I have him that he said yes. But then apparently the Court didn't understand what was going on and neither did the State. Nobody said that the appellate rights that were granted him were wrong. Consequently, we urge your Honors to vacate the guilty plea and remand for trial. If there are no questions, thank you. Thank you, Counsel. May I please the Court? Counsel. Joan Kripke from the State's Attorney's Appellate Prosecutor, the 2nd District, on behalf of the people of the State of Illinois. Counsel. I would like to address the argument that we fronted in our brief on the mandatory fees. And I would actually like to amend it to be mandatory fines. And yes, I read Newland, and I understand Justice Golden Hershey authored Newland, and Justice Stewart, you were on that panel. With all due respect, I disagree, and I think perhaps in the light of People v. Arna, which is 168-107, specifically at pages 112 and 113, you might want to consider that argument. In Arna, concurrent sentences were given when they should have been consecutive. And the State came in piggybacking on the sentencing issue and said, look, that's wrong. This is void. And the Arna court said very specifically, the State doesn't have to cross-appeal. The State is not precluded from raising an issue that will raise the sentence if it's a void. I think that's pretty clear on a void sentence. Right. But in this case, when it's a mandatory fee, and as I would now say also, a mandatory fine, which I did not brief, but the sentence therefore is void because they're mandatory, because they must be imposed. And the reason this caught my attention is there was something said at the very end of the, I can't remember the transcript exactly, but I wasn't sure that the DNA fee had been imposed because the defendant had had some juvenile adjudications for which DNA fees should be imposed. And it wasn't clear from the record that it had ever been taken. I said, well, did they impose it now? And I couldn't find any fees that had been imposed. The trial court must impose mandatory fees and fines. And if they don't, it is void.  And that's our argument, Arna? And that's what we're saying. And we believe you should reconsider both this and possibly a new one. As to the other argument, it depends on how you want to see what happened, how this is being portrayed. The first guilty plea hearing in this case, that's true. The court misadmonished the defendant. But both trial counsel and defense counsel came back and answered that decision to be vacated. And they said it's void. There was no explanation as to why they thought it was void, but they said it's void. So when the defendant later on said, well, I was relying on what the judge said after the first guilty plea hearing, for lack of a better term, I would use playground parlance and say, it doesn't count. It doesn't count because it was vacated and whatever went on there, it's gone. And regardless of the fact that the judge may have misadmonished at that point, the defendant can't rely on that. At the second guilty plea hearing, the court again misadmonished. And counsel's correct. Nobody got up there and said, wait, what's going on? He's only allowed to make a motion to withdraw his guilty plea. But the case on Edmondson is very clear. They say that his counsel must affirmatively misstate to him or misadvise the defendant. What counsel was arguing was. The uncontradicted evidence in this case is that his counsel affirmatively misinformed him. He testified that his attorney told him. You're right. It is uncontradicted. However, let's look at the context in which he made that statement. What happens is he when they were questioning him, he first came in and the first thing he said. He didn't say, oh, my counsel told me that I could withdraw my challenge and sentence. What he said was, my counsel coerced me into pleading guilty because he said later on I could challenge the sentence. My counsel coerced me is altogether different from my counsel misadvising me. Well, he said he coerced me because he told me that I would later be able to challenge my sentence. But he said he was coerced. So if the state came back, and coercion is a whole different ballgame. The state came back and said, well, wait. When you have that guilty plea hearing, did you not say, no, it coerced you, no, it promised you anything. And he said, I was lying then. And then he said, oh, my counsel told me that I could make a motion to reconsider the sentence. So you have to look at all three of those statements together, which is what the trial court did and said, does this matter? I mean, the trial court should have said, there's no credibility here. First he's saying I was coerced. Then he's saying, well. Did the trial court say, I don't believe your testimony that you're trying to tell me that? No, but this is an abuse of discretion standard. And this is what the court heard. And this is what you also can consider. I mean, does this sound credible to you? Would this sound credible? It's not a de novo review. But that's not an abuse of discretion on the part of the trial court to say, I'm sorry. I also don't believe that, oh, by the way, your counsel misadvised you months before I made the wrong admonishment afterward. And I don't know if it's necessarily true. Because why did the defense counsel and- Well, you know, we're talking about a trial judge exercising his discretion, which based on the record pretty clearly didn't understand that that was the law either. Because he misadvised him twice, right? He misadvised him twice. But I don't see what that has to do- So that trial judge then, in exercising his discretion, is finding it not credible that the defendant believed that that was the law, when that's what the judge told him twice. But Edmondson says it must be your attorney who affirmatively misleads you. You cannot, and Edmondson says, you cannot- Well, they use that language. And Edmondson, the attorney, testified. Here, the client testified. That's what the attorney told him. Are you trying to tell us there's a difference from an evidentiary standpoint between those two? I mean, it's uncontradicted. He says that's what his attorney told him. Or his attorney gets on the stand and says that's what I told him. And to go from the record, that's what they all believed. His attorney didn't get on the stand and say that you are correct again and the counsel is correct, that it was uncontradicted. What I am saying to you is you must look at it in context. Because the first thing, he didn't come out and say, you know, yeah, I said all that, but my counsel told me I could do X. It was only, only after they challenged me. First he comes up, well, I was coerced. And then they said, well, but you told us before you weren't coerced. He said, well, I was lying. Now, is that a credible person? And then he says, oh, well, my attorney told me. Yes, we didn't bring in anything to rebut that. Well, when you take those three statements together, why should the trial court find, why would you find that this was an abuse of the trial court's discretion to find this man to be credible? That's not, those three statements taken together one right after another. Excuse me. Let me ask you again just to make sure. Did the trial court make any credibility findings? Is there anywhere in the record where the trial court said, I'm going to deny this motion because I find you not to be credible. I don't believe you when you tell me that your counsel told you that. No, he did not. But that does not mean that this court cannot look at what went on and make a determination of credibility of this witness. And given these statements by the witness, does that smack of a credible statement, of a truthful statement? And if it does, fine. But if you think, well, I don't really know. I mean, he's jumping around here and it sounds like he's backtracking. He's trying to find something to make it sound like he can get this motion to withdraw. Then the court didn't abuse its discretion by denying it because it's not like it came out and said, well, you know, I said that before, but I'm wrong. I remember now my counsel told me I could move to challenge dissent. He never came out and said it until they kept finding faults or poking holes in his previous two statements. And to come out and say, I was lying? I was lying? Why should the court find him to be credible if he himself admits he lied to the court? The court doesn't have to come out and say, you know, I don't think he's credible because he just told me he was lying. I think that that would be a fairly obvious thing that when you have the defendant say, oh, I lied to you before. Why would the court find him credible now if he was lying to them before? And for those reasons, for all of these reasons, we think that, first of all, that you should reconsider, again, the mandatory fees and fines and remand it for those to be imposed because the sentence is void under ARDA. And we should find that the court did not abuse its discretion in denying his motion to withdraw his guilty plea. Any other questions? Thank you. Touching upon the mandatory fines and fees, in our brief, I do point out that the circuit court said, I am imposing these costs, court costs. And then he says, I'm going to find them uncollectible and vacate them. Importantly, the state never said, Your Honor, that's wrong. They didn't say, you can't do that. They accepted that. Perfectly rational thing for that circuit court judge to do at that time. Mr. Lee is never going to be able to pay these things. He's never going to have that money. And so, number one, the state has the wrong argument. When the court imposed them, they're really saying he has no authority to vacate them, and they haven't made that argument. They waived that, and this court's decision in Newland pretty much makes that same argument. It makes that wholly vacated that or rejected that argument. Moving to vacating the guilty plea, the state wants to ignore that first admonishment and say, That guilty plea was vacated. It doesn't count. Well, it counts in the defendant's mind. That's one of the things that he's working upon in entering another guilty plea. That's information that's given to him. That certainly counts. You just can't erase that from his mind. And so that is one of the reasons why he would have this reasonable belief about what the system was and how he could proceed. His testimony is uncontradicted, and it appears that the state would like to require him to be as flim and articulate as I am. I've talked with him, and he's not. He was trying to get out what he believed would be required by the judge to understand what he thought was wrong with this guilty plea. And he did say he was for it. Well, he was told by his counsel that he could file this motion to withdraw or motion to reconsider his sentence along with a motion to withdraw a guilty plea and that they could attack the sentence. And that's perfectly rational for somebody to believe since that's what he has seen in lots of other cases. There's cases where people file motions to reconsider a sentence. He was told by the judge. Consequently, it comes down to the Edmondson case, and the state really does not have any argument about Edmondson. It's a perfectly good decision. It should control this case, requires this court to vacate the guilty plea, and there was no credibility determination by the circuit court judge in this. All he said was no one would do this. He didn't believe that anybody would enter a guilty plea, believing that they could then later challenge what the sentence is when they went in and had this cat. That's very much different from saying the defendant did not have this belief. Consequently, Your Honor, we urge you to vacate the remand. Thank you. The counsel case will be taken under advisement. You're excused and will recess until 9 o'clock tomorrow morning.